FILED

NOT FOR PUBLICATION

DEC 01 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XIAOYUAN MA, etc.<br><br>　　　　Petitioner,<br><br>　v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>　　　　Respondent. | No. 08-70354<br><br>Agency No. A044-414-695<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 18, 2011
San Francisco, California

Before: McKEOWN and M. SMITH, Circuit Judges, and BREWSTER, Senior
District Judge.[**]

Petitioner Xiaoyuan Ma, a native and citizen of the People's Republic of

China, petitions for review of the Board of Immigration Appeal's final order

denying her application for asylum, withholding of removal, and relief under the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Rudi M. Brewster, Senior District Judge for the United
States District Court for Southern California, sitting by designation.

Convention Against Torture (CAT). Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Ma's petition for review.

Even if we assume, without deciding, that Ma's petition for asylum was timely, we conclude that substantial evidence supports the immigration judge's (IJ) adverse credibility finding. The IJ concluded that Ma was not credible based on her testimony at the hearing that her second marriage was a bona fide marriage despite overwhelming evidence to the contrary, including a signed statement from her former second husband stating that he never lived with her and that the marriage was arranged by a third party in order for Ma to gain immigration benefits. Moreover, Ma gave inconsistent and changing testimony regarding the circumstances of her relationship with her current third husband and about when she knew her conditional lawful permanent resident status ended. Thus, considering the totality of the circumstances, the IJ properly based its adverse credibility finding on these inconsistencies, which bear on Ma's veracity. *See Ren v. Holder*, 648 F.3d 1079, 1084 (9th Cir. 2011).

Outside of her testimony, Ma did not present the IJ with any specific objective evidence to demonstrate that she had a well-founded fear of persecution.

2

Ma did not present corroborating evidence and because of the adverse credibility finding, the IJ was not required to give her notice that corroborating evidence was required and afford her an opportunity to present such evidence. *See id.* at 1091 & n.11. Furthermore, the 2005 China country report contained evidence that returnees to China with United States citizen children may be forgiven and not forced to undergo any procedures. **AR at 151, 261**. Thus, in the absence of credible testimony and additional objective evidence, Ma's asylum claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). Because Ma's withholding of removal and CAT claims are based on the same testimony found to be not credible, those claims also fail. *See id.* at 1156-57.

**PETITION DENIED.**